IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DONNER, INC. § | | |
|       Plaintiff § | | |
| § | | |
| V. § | No. 5:03CV253 | |
| § | | |
| AMERICAN HONDA MOTOR CO., § | | |
| INC., ET AL. § | | |
|       Defendant § | | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges dated January 15, 1994, American Honda Motor Company, Inc.'s Expedited Motion to Compel Discovery (Docket Entry # 60) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court, having reviewed the relevant briefing and hearing arguments of counsel,[1] is of the opinion the motion should be **DENIED**.

## I.

## BACKGROUND

Donner, Inc. ("Plaintiff") filed this patent infringement suit against American Honda Motor Co., Inc. ("Defendant") and others. Plaintiff alleges Defendant has in the past and continues to infringe, contribute to infringement, and/or induce infringement of U.S. Patent No. 5,420,931 ("the '931 patent") by making, using, selling, and/or offering to sell products and services which alone and/or in use are covered by at least one claim of the '931 patent.

---

[1] The Court conducted a hearing on Defendant's motion on May 18, 2005.

## II.

## DEFENDANT'S MOTION TO COMPEL

Defendant seeks the production of all documents and communications exchanged between Irah H. Donner ("Mr. Donner") and Plaintiff's lawyers that relate to the subject matter set forth in Mr. Donner's expert report relating thereto pursuant to Federal Rule of Civil Procedure 26 and all other applicable Federal Rules and Local Rules. According to Defendant, Mr. Donner, on behalf of Plaintiff, submitted an expert report addressing (1) the interpretation of Claim 13 of the '931 patent and (2) the application of claim 13 to the accused products. Defendant contends discovery of all documents and communications relating to the subject matter set forth in Mr. Donner's expert report[2] is necessary for Defendant to properly inquire as to the basis for the opinions set forth in Mr. Donner's expert report.

Defendant further requests that this Court clarify the scope of the expert report and the definition of the word "considered." Defendant is concerned Plaintiff is limiting the definition of "considered" when it represents to the Court that Plaintiff has produced to Defendant all documents considered by Mr. Donner in forming his opinions. Defendant believes it is entitled to any document that could affect Mr. Donner's opinion or any document that relates to the subject matter of the expert report, not just the documents relied upon by Mr. Donner.

---

[2] These documents include all documents and communications related to (1) the alleged infringement of the '931 patent; (2) the interpretation of the claims of the '931 patent; (3) the '931 patent and its prosecution history; and (4) any patent of related subject matter to the '931 patent, including U.S. 5,722,069 ("the '069 patent") and U.S. Pat. No. 5,243,640 ("the '640 patent").

### III.

### PLAINTIFF'S RESPONSE

Plaintiff represents to the Court that, based on an agreement between the parties, Plaintiff produced to Defendant all documents utilized by Mr. Donner in forming his opinions. Specifically, Plaintiff states Mr. Donner produced to Defendant documents that would otherwise be subject to the attorney-client privilege that relate to the subject matter of the report. According to Plaintiff, there is no disagreement as to the scope of Mr. Donner's report; the scope of Mr. Donner's report is limited to the alleged infringement of the '931 patent and the interpretation of Claim 13 of the '931 patent.

Plaintiff also produced to Defendant two privilege logs, identifying those documents for which Plaintiff asserted privilege or protection. Plaintiff asserts the documents contained in the privilege logs have nothing to do with the subject matter of Mr. Donner's expert report. Finally, Plaintiff states there are no other documents in Mr. Donner's custody or control other than those produced to Defendant or identified on the two privilege logs. Plaintiff also argues Defendant is not challenging Plaintiff's production properly and should have specifically challenged each document on the privilege logs as opposed to urging a blanket waiver of the privilege.

Turning to Defendant's assertion that Mr. Donner has waived all privileges as an expert designated pursuant to Federal Rule of Civil Procedure 26 regardless of the scope of the expert report, Plaintiff contends Defendant has not presented authority for such a broad assertion. Plaintiff distinguishes the cases cited by Defendant wherein a party's litigation counsel injects advice into the case, thereby waiving the attorney-client privilege. Plaintiff maintains its litigation counsel in this lawsuit neither participated in nor represented Mr. Donner or Plaintiff in the prosecution of the '931

patent. Moreover, Plaintiff asserts neither Plaintiff in its complaint for infringement nor Mr. Donner in his expert report has injected the solicitation or rendering of advice from Plaintiff's litigation counsel. More specifically, Plaintiff insists Mr. Donner did not inject any advice from Plaintiff's counsel as forming the bases of any of Mr. Donner's opinions as an expert witness.

## IV.

## DISCUSSION

After considering the relevant briefing and the arguments of counsel, the Court does not find a blanket waiver of the attorney-client privilege. Therefore, Defendant's motion to compel is denied. Instead, the Court orders the following.

Defendant has not put forth specific challenges to the documents listed on the two privilege logs Plaintiff produced. At the hearing, counsel for Defendant stated the description of the documents was not detailed enough for him to determine whether or not the documents related to the subject matter of Mr. Donner's report, thus precluding him from making specific challenges. In order to assist the parties in keeping on the schedule set forth in the docket control order, the Court is of the opinion Plaintiff shall amend with more detail Plaintiff's privilege logs for those documents created before February 11, 2005 within seven days from the date of entry of this Order. Subsequently, Defendant may depose Mr. Donner as to what documents listed on the privilege logs, if any, he considered in forming his expert report. If the issue arises during Mr. Donner's deposition that he considered documents listed on the privilege logs by Plaintiff and if Defendant still seeks production of any such documents, Defendant may raise the issue with the Court at such time. The Court will then conduct an *in camera* review of the disputed documents. Based on the foregoing, it is

**ORDERED** that American Honda Motor Company, Inc.'s Expedited Motion to Compel Discovery (Docket Entry # 60) is **DENIED**.   It is further

**ORDERED** that Plaintiff shall amend with more detail Plaintiff's privilege logs for those documents created before February 11, 2005 within seven days from the date of entry of this Order.

**SIGNED this 19th day of May, 2005.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE